NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3038

TOMMY M. EVANS,

Petitioner,

v.

DEPARTMENT OF THE TREASURY,

Respondent.

_____

DECIDED:  April 11, 2005

_____

Before SCHALL, LINN, and PROST, Circuit Judges.

PER CURIAM.

Tommy M. Evans seeks review of a final order of the Merit Systems Protection Board ("MSPB") affirming an administrative judge's initial decision to sustain the Department of the Treasury's ("the Department's") removal of Mr. Evans from his position with the Internal Revenue Service ("IRS").  See Evans v. Dep't of Treasury, No. AT0752030541-I-1 (M.S.P.B. Sept. 9, 2004).  We affirm.

## BACKGROUND

Mr. Evans worked for the IRS in Memphis, Tennessee as an Offer-In-Compromise Examiner ("OE").  This position required Mr. Evans to develop and evaluate records dealing with taxpayers' offers to settle or compromise existing tax

liabilities. Mr. Evans received several months of classroom and on-the-job training beginning in January of 2002. During this training period, Mr. Evans received a copy of a performance plan. After the training period, Mr. Evan's work as an OE was reviewed by experienced examiners and feedback was given to Mr. Evan by coaches.

On or about September 17, 2002, Mr. Evans received a performance appraisal rating his job performance as unacceptable and offering him suggestions on how he could improve his performance. On February 20, 2003, Mr. Evans received another performance appraisal again rating his job performance as unacceptable. In response to these performance appraisals, Mr. Evans's supervisor sent Mr. Evans a letter on February 28, 2003 proposing his removal from his position with the IRS due to unacceptable performance. The letter included details of thirteen alleged deficiencies in Mr. Evans's job performance. On April 21, 2003, a field director issued a decision removing Mr. Evans from his position based on reasons set forth in the proposal letter.

Mr. Evans filed an appeal with the MSPB. In an initial decision dated September 30, 2003, an administrative judge affirmed Mr. Evans removal, finding that the Department established by a preponderance of the evidence that Mr. Evans's performance was unacceptable, that Mr. Evans failed to establish that he was removed in reprisal for any protected activity, and that the penalty of removal was within the bounds of reasonableness. The decision of the administrative judge became final when the full MSPB denied Mr. Evans's petition for review on September 9, 2004.

We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

We review a decision of the MSPB to ensure it is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); Mattern v. Dep't of Treasury, 291 F.3d 1366, 1369 (Fed. Cir. 2002).

On appeal, Mr. Evans does not present any clear argument why this court should reverse the decision of the MSPB. Instead, without citing to a transcript of the proceedings below or to any other part of the record before us, Mr. Evans recites a series of events that he apparently believes should move us to reverse the decision of the MSPB. For example, Mr. Evans alleges that "[d]ocuments reflects [sic] and was [sic] presented in legal preceding [sic] that some of my errors made while as a OE, were because of following instructions from a Coach." Also, Mr. Evans, citing Graham v. Dep't of the Air Force, 46 M.S.P.R. 227 (1990), states that the IRS is "holding me to a higher standard than is required in established performance standards."

To the extent Mr. Evans challenges the findings of the MSPB, we conclude based on our review of the record that those findings are supported by substantial evidence. Furthermore, Mr. Evans's reference to Graham is unavailing. In that case the MSPB summarized case law addressing performance-based actions taken under chapter 75 of title 5 as requiring that "the agency's imposed standard be reasonable and provide for accurate measurement of the employee's performance." Graham, 46 M.S.P.R. at 235. Here, the administrative judge specifically noted that when an agency takes an action under chapter 75 "it must simply prove that its measurement of the

05-3038                                          3

appellant's performance was both accurate and reasonable." Furthermore, after reviewing the evidence the administrative judge specifically concluded that the Department's measurement of the appellant's performance was both accurate and reasonable. Thus, we discern that the administrative judge followed established procedures required by law. In addition, we find substantial evidence in the record supporting the administrative judge's conclusion that the measurement of Mr. Lewis's performance by the IRS was both accurate and reasonable. We therefore reject Mr. Lewis's suggestion that the IRS was holding Mr. Lewis to a higher standard than is required in established performance standards.

## CONCLUSION

For the foregoing reasons, we affirm the decision of the MSPB.